## Case No. 9,307.

### MAULDIN v. CARLL.

[3 Hughes, 249.] [2]

Circuit Court, D. South Carolina. May 18, 1878.

ATTACHMENT—DEBTOR WITHOUT THE JURISDICTION—AUTHORITY TO ISSUE.

Whether an attachment can issue from a court of the United States against the property of a citizen of another state, he not being in the state, at the suit of a citizen of the state.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

The case was a suit brought for the recovery of damages for an alleged breach of contract in the purchase of a cargo of lumber. In accordance with the practice of the state court, which has been held to have been carried into the United States court by force of the provisions of the act of congress of 1872 [17 Stat. 44], the process by attachment has been heretofore referable to any United States court since that enactment in suits of that character. In the case before the court warrant of attachment was issued to the marshal, who arrested the schooner Frances and her cargo at Georgetown, S. C., seeking to attach the interest of Jesse Carll, a part owner of the vessel and the defendant in the action. The provisions of the 1st section of the act of 1875 [18 Stat. 470] re-enacted the law of 1789 [1 Stat. 73], which reads as follows: "No civil suit shall be brought before either of the said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at time of serving such process, or commencement of such proceeding, except as hereinafter provided."

It was contended by Mr. Conner, for plaintiff, that the language of the 8th section would cover his attachment process. The section reads as follows: "When in any suit commenced in any circuit court of the United States, to enforce any equitable or legal lien upon or claim to, or to remove any incumbrance, or lien, or claim upon the title to real or personal property within the district where such suit is brought, one or more, of the defendants therein shall be inhabitant of or found within the said district, or shall voluntarily appear thereto, it shall be lawful for the court to make an order directing such person to appear, plead, answer or demur," etc.

Messrs. Simonton & Barker, who represented the vessel attached, contended that the legal or equitable claim upon or claim to incumbrance or claim upon the title to real or personal property, contemplated by the 5th section, must exist before the suit brought for its enforcement, and could not be created by or in said suit.

After hearing the argument, BRYAN, District Judge, decided that he was controlled by the language of the 1st section of the act, but expressed himself dissatisfied with the conclusions to which his mind was forced by the words of the statute.

On motion of Messrs. Simonton & Barker, the following order was signed:

"United States of America, District of South Carolina, Fourth Circuit. W. H. Mauldin, a citizen of South Carolina, v. Jesse Carll, a citizen of New York. It appearing to the court that a warrant of attachment in the above-entitled cause has been issued by the clerk of the circuit court, together with a summons and complaint in a civil suit for damages for an alleged breach of contract, directed against the defendant, and that under said warrant the marshal of the United States has seized, or attempted to seize, the schooner Frances, lying in the port of Georgetown, South Carolina, with her cargo on board, ready to sail; that said seizure has been made, or attempted, on the ground of an alleged interest of the defendant, Jesse Carll, as part owner in said schooner; it also appearing that the defendant, Jesse Carll is not an inhabitant of this district, or found here at the commencement of such proceedings. After hearing argument of counsel on a motion to set aside proceedings as not warranted by law, the court being of opinion that the first section of the act of congress, approved March 3, 1875 (entitled 'An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts and for other purposes'), forbids a civil suit to be brought in the circuit court of the United States against an inhabitant of another district, and not found within the district at the time of commencing the proceeding, and that the suit above stated is not within the exceptions of the act of 1875 as therein provided: Now, on motion of Simonton & Barker, it is ordered, that the warrant and summons, and complaint be, and the same are hereby set aside, and the marshal do forthwith release the said schooner Frances and her cargo. It is further ordered that each party pay his own costs."